UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Estate of K.C.,            )
                           )
        Plaintiff,         )
                           )
    v.                     )     Case No. 05-1403
                           )
Walmart Stores, Inc.       )
Associates Health and Welfare )
Plan,                      )
                           )
        Defendant.         )

# **O R D E R**

Before the Court is Plaintiff's Motion to Remand [Doc. # 4]. For the reasons that follow, the motion will be allowed.

On December 1, 2005, Plaintiff filed a Petition to Adjudicate Lien in the Circuit Court of the Tenth Judicial Circuit of Illinois against Blue Cross Blue Shield of Illinois ("BCBS"). The petition alleged that Plaintiff, a minor, was injured in an automobile-bicycle collision and sustained injuries resulting in over $130,000 in medical bills. Plaintiff settled her claims against the automobile driver for $85,000. BCBS had served a lien on Plaintiff's attorney asserting a subrogation right to $79,440.26. After BCBS refused to withdraw its lien, Plaintiff filed the state petition claiming BCBS had no right of subrogation as to Plaintiff because she was a minor. Thereafter, Walmart Stores, Inc. Associates Health and Welfare Plan ("Walmart"), without intervening or moving to be named a party to the action, removed the case to federal court, asserting diversity and federal question (ERISA) jurisdiction. Plaintiff now moves to remand the case, arguing (1) that Walmart is not yet a party to this action and it improperly intervened, (2) that BCBS is a non-diverse party to this action, (3) that this is a probate action which is excepted from diversity jurisdiction, and (4) that this Court lacks subject matter

jurisdiction.

The Court is troubled by Walmart's unilateral attempt to dismiss BCBS from this lawsuit and name itself in BCBS's place.  There are procedures in place for Walmart to accomplish what it has set out to do.  Unfortunately, it has chosen to ignore those procedures. Plaintiff named BCBS, a non-diverse party, as the only defendant in the state court action.  This precludes diversity jurisdiction in this court.  If Walmart wishes to intervene in this case, it needs to follow the appropriate state court procedures to do so.  Moreover, BCBS must be **appropriately** dismissed from this action before diversity jurisdiction would exist in this case.

The Court also finds that it lacks subject matter jurisdiction in this case under the ERISA statutes.  The Seventh Circuit has repeatedly held that ERISA does not preempt an action to adjudicate liens by an ERISA plan based on the plans subrogation provisions following settlement.  See Hart v. Walmart Stores, Inc., Associates' Health and Welfare Plan, 360 F.3d 674, 679-80 (7th Cir. 2004); Speciale v. Seybold, 147 F.3d 612 (7th Cir. 1998); Blackburn v. Sundstrand Corp., 115 F.3d 493 (7th Cir. 1997).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. # 4] is GRANTED.

IT IS FURTHER ORDERED that this case is remanded back to the Tenth Judicial Circuit, Tazewell County, Illinois.

CASE TERMINATED.

Entered this   20th   day of April, 2006.

                                          s/ Joe B. McDade
                                          JOE BILLY McDADE
                              United States District Judge